Dale WILSON, Individually and Dale Wilson Chevrolet Co., a corporation, and Motors Insurance Corporation, a corporation, Petitioners,

v.

The DISTRICT COURT OF NOBLE COUNTY, Oklahoma, and the Honorable Lowell Doggett, District Judge Thereof, Respondents.

No. 50986.

Supreme Court of Oklahoma.

Oct. 18, 1977.

As Modified Feb. 13, 1978.

Rehearing Denied Feb. 15, 1978.

Jack E. Gray, Oklahoma City, and Robert L. Kasper, Perry, McClelland, Collins, Sheehan, Bailey, Bailey & Belt, Oklahoma City, for petitioners.

Rhodes, Hieronymus, Holloway & Wilson by Page Dobson, Oklahoma City, for respondents.

BARNES, Justice.

This is a joint application by Petitioners, Dale Wilson, individually and Dale Wilson Chevrolet Company, a corporation, and Motors Insurance Corporation, arising out of two lawsuits pending in the District Court of Noble County, Oklahoma. Petitioners seek either a Writ of Prohibition or Mandamus directed to Respondent Judge either prohibiting him from removing or affirmatively ordering the Respondent to leave Farmers Elevator Mutual Insurance Company (Farmers) as a party defendant in the lower court.

The issue before this Court is whether the Trial Court was correct in expunging defendant Farmers from the pleadings as injecting insurance into the case.

The facts are briefly summarized. Actions were initially lodged by the plaintiffs, Petitioners herein, against Red Rock Farmers Cooperative (Red Rock) and others for recovery of damages occasioned by fire loss when garage premises burned, destroying the building and all new and used cars, following an explosion allegedly due to negligence concerning an LPG gas delivery truck to which repairs were being made by Petitioners. Red Rock, in its delivery of LPG gas, is regulated by the Liquefied Petroleum Gas Administrator, as provided by the Oklahoma Statutes.

Farmers was also joined as a direct defendant, upon the allegation that it was

amenable to direct action as the carrier for the owner and permittee of the delivery truck, pursuant to 52 O.S.Supp.1976, § 420.-4.

The Trial Court held the action was not well taken as against Farmers, the insurance carrier, sustained its demurrer, and ordered Farmers dismissed from the action. Petitioners' motion to reconsider sustaining the demurrer of the carrier was overruled. Petitioners then lodged this Application to Assume Original Jurisdiction and alternatively for Writ of Prohibition or Mandamus.

Although Respondents argue that Petitioners have an adequate remedy at law by direct appeal to this Court from the order sustaining the demurrer or from the order overruling the motion to reconsider, and that extraordinary relief is therefore not available, we assume original jurisdiction and grant a Writ of Mandamus because of the public nature of the question involved, i. e., under what circumstances may an insurance company be joined as a party defendant under the provisions of the Liquefied Petroleum Gas Act (52 O.S.Supp. 1976, § 420.4).

Petitioners principally urge, in support of their position that the demurrer is not meritorious, the case of *Daniels v. Scott*, 340 P.2d 223 (Okl.1959), where this Court permitted maintenance of a direct action against an insurance carrier who had furnished a certificate of insurance with the State Liquefied Petroleum Gas Administrator, showing proof of financial responsibility. In that opinion by Justice Davison, the plaintiff maintained an action for personal injury sustained as the result of an explosion of propane gas delivered by a defendant retailer. The Trial Court entered an order striking the insurance company as a direct named defendant. This Court reversed and said in the syllabus:

"Under the provisions of Title *52 O.S. Supp.1955, § 420.4* of the Liquefied Petroleum Gas Act, requiring a retailer as a condition precedent to securing a registration permit for the operation of such a business, to file with the administrator a Certificate of Insurance showing the is-

suance of Public Liability and Property Damage Insurance, the purpose is to protect the public, and *a plaintiff injured by the retailer operating under said law may join the insurance company as party defendant, the joint liability arising by operation of law*." (Emphasis ours)

In order to determine the applicability of *Daniels v. Scott*, supra, it is necessary to examine the applicable statute.

Title 52 O.S.Supp.1976, § 420.4(g), provides:

"(g) A registration permit shall not be issued to any applicant unless and until the Administrator has received certificates of insurance as required by subsections (h) and (i) of this section, unless waived as hereinafter provided."

Subsection (h) states as follows:

"(h) Except as herein otherwise provided, all persons, firms or corporations engaged in the business of manufacturing, fabricating, assembling and/or installing LPG systems, containers, apparatus and appliances in this state, and required to be registered under this act, shall file with the Administrator a certificate or certificates, showing that manufacturer's and contractor's liability insurance coverage, with limits of not less than Ten Thousand Dollars ($10,000.00) to Twenty Thousand Dollars ($20,000.00) for bodily injury and limits of not less than Ten Thousand Dollars ($10,000.00) for property damage, has been issued, and is in full force and effect, covering the *plant, equipment and motor vehicles used in such business, and the operations thereof*." (Emphasis ours).

Subsection (i) provides:

"(i) Except as herein otherwise provided, all transporters, distributors or retailers of LPG in this state, required to be registered under this act, shall file with the Administrator a certificate or certificates, showing that public liability and property damage insurance coverage, with limits of not less than Ten Thousand Dollars ($10,000.00) to Twenty Thousand Dollars ($20,000.00) for bodily injury and

limits of not less than Ten Thousand Dollars ($10,000.00) for property damage, has been issued, and is in full force and effect, covering the *plant, equipment and motor vehicles used in such business, and the operations thereof.*" (Emphasis ours).

Petitioners submit that the last sentence of sections (h) and (i) covers very broadly "plant, equipment and motor vehicles used in such business, and the operations thereof." Petitioners urge the repair and maintenance of such vehicles by the defendant and his insurance carrier, and the providing of such vehicles for repair, would also be covered, thus making Farmers a proper party defendant.

Respondents argue that at the time of the loss the LPG delivery truck was under control of Petitioner, Dale Wilson Chevrolet, and, accordingly, the vehicle was not at the time being used for the transportation, storage, dispensing, or utilization of LPG gas in any manner.

Respondents rely primarily on *Commercial Standard Insurance Co. v. Bacon*, 154 F.2d 360 (10th Cir. 1946), where the Tenth Circuit Court reversed a declaratory judgment issued against the insurance company of a Class B Motor Carrier, which had been sued in a declaratory judgment action for recovery of its policy limit of $5,000.00 following a judgment by plaintiff against the insured Motor Carrier. At the time of loss an explosion occurred in a garage when a welder applied an electric welding torch on the outlet valve of a semi-trailer petroleum tank. The issue was whether a loss occurred within the coverage of a statutory policy. The Court said therein:

" . . . Before there can be any liability under the policy, the *repair must be a necessary incident in the course* of an operation or use of the truck *upon the highway.*

* * * * * *

" . . . It would, in our opinion, be adopting a strained and unwarranted construction of the intent of the Legislature to hold that when it required, as a prerequisite to the right to use the high- way, the filing of an indemnity bond *requiring the payment of losses resulting from the operation of the motor vehicle for which the owner might become liable,* that the Legislature had in mind losses which might accrue while the vehicle was parked in a garage for repairs to fit it to be used upon the highways in pursuit of the business authorized by the permit. It would, in our opinion, also be giving to the words 'operate or use' an unwarranted construction to hold that such a repair being carried on away from the highway by an independent contractor constituted an operation or use of the vehicle upon the highway by the permittee under the permit." (Emphasis ours).

■ We think *Commercial Standard, supra,* is distinguishable. It dealt with 47 O.S.1971, § 169, which refers to the operation and use of a motor vehicle on the highway. That case is not applicable to the LPG statute, 52 O.S.Supp.1976, § 420.4(g), (h), and (i), which places compulsory insurance coverage over "plant, equipment and motor vehicles used in such business, and the operations thereof." We agree with Petitioners that *Daniels, supra,* is controlling and that the aforesaid language is broad enough to include repairs.

We, therefore, hold Farmers is a proper party defendant in this case, and that the Trial Court erred when it deleted and expunged defendant from the pleadings as injecting insurance into the case.

ORIGINAL JURISDICTION ASSUMED; WRIT OF MANDAMUS GRANTED.

HODGES, C. J., and DAVISON, BERRY, SIMMS and DOOLIN, JJ., concur.

LAVENDER, V. C. J., and WILLIAMS and IRWIN, JJ., dissent.